# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| George Bishop, ) | |
| ) | C.A. No.: 2:15-cv-2076-PMD |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Liberty Mutual Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Plaintiff George Bishop's Motion to Remand pursuant to 28 U.S.C. § 1447 (ECF No. 5). For the reasons set forth herein, Plaintiff's Motion to Remand is granted.

## BACKGROUND

This action arises out of an insurance dispute between Plaintiff and Defendant Liberty Mutual Insurance Company. Plaintiff alleges that Defendant issued a commercial vehicle policy covering Plaintiff's Mack truck, and that Defendant wrongfully denied Plaintiff's claim for damage to the frame of his truck.

## PROCEDURAL HISTORY

On March 31, 2015, Plaintiff commenced this action in the Charleston County Court of Common Pleas, alleging breach of contract and bad faith refusal to pay benefits. Defendant filed a Notice of Removal on May 20, 2015, asserting that this Court has diversity jurisdiction over the matter. Defendant also filed a Motion to Dismiss that same day. Then, on June 15, 2015, Plaintiff filed a Motion to Remand and a Motion for Extension of Time to answer Defendant's Motion to Dismiss. The Court granted Plaintiff's Motion for Extension of Time pending its

ruling on Plaintiff's Motion to Remand. Finally, on July 1, 2015, Defendant filed a Response in Opposition to Plaintiff's Motion to Remand. This matter is now ripe for consideration.

## STANDARD OF REVIEW

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). District courts are obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon*, 369 F.3d at 816; *see also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) ("[C]ourts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'" (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993))).

## ANALYSIS

Defendant removed this matter from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." § 1441(a). Defendant avers that removal is proper in this instance because the district court has original jurisdiction to hear Plaintiff's case pursuant to 28 U.S.C. § 1332. Under § 1332, federal district courts have original jurisdiction over a case if the action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. § 1332(a). The complete diversity rule of § 1332 requires that

the citizenship of each plaintiff be different from the citizenship of each defendant. *See Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999); *see also* § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Additionally, "[t]o invoke the original jurisdiction of a federal court under § 1332, courts require a corporate party to adequately demonstrate the existence of total diversity in light of its capacity for multiple residency under § 1332(c)." *Barnhill v. Ins. Co. of N. Am.*, 130 F.R.D. 46, 48 (D.S.C. 1990). "In other words, Rule 8(a) has been applied in this context to require that a corporate party allege both its state of incorporation and its principal place of business in order to invoke federal diversity jurisdiction." *Id.* (citing *Equitable Life Assurance Soc'y v. Alexander Grant & Co.*, 627 F. Supp. 1023, 1025–26 (S.D.N.Y. 1985) (diversity jurisdiction inadequately pled where corporate plaintiff fails to allege its principal place of business)); *see also Simmons v. Rosenberg*, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (diversity jurisdiction must be alleged with detail and certainty); *Jizchak Bier Ltd. v. Wells, Inc.*, 310 F. Supp. 843, 843 (S.D.N.Y. 1970) (jurisdictional averment patently insufficient under § 1332(c) where complaint does not contain, among other things, an allegation of the corporate party's principal place of business); *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967) ("diversity of citizenship must be apparent from the pleadings"). "Because § 1441(a) provides only for removal of actions 'of which the district courts of the United States [would] have original jurisdiction,' . . . the court is constrained to apply these fundamental principles to [Defendant's] attempted removal of this matter on the basis of diversity jurisdiction." *Barnhill*, 130 F.R.D. at 49 (quoting § 1441(a)). Wright and Miller address the precise posture of this case in their treatise, stating, "a notice of

removal that fails to contain an allegation of a defendant corporation's dual citizenship—its state of incorporation and the state of its principal place of business—is defective when complete diversity of citizenship is the basis for removal." 14C Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3733 (4th ed. 2013).

Here, Defendant has failed to demonstrate the existence of complete diversity in its Notice of Removal. Defendant, a corporate party, has failed to allege the state or states in which it is incorporated, as well as the state in which it maintains its principal place of business. Defendant's citizenship is briefly mentioned in its Notice of Removal and is also mentioned in Plaintiff's complaint. Defendant asserts in its Notice of Removal that the action is "between citizens of different states" and, "upon information and belief, exceeds the sum or value of $75,000.00, exclusive of interest and costs." (Def.'s Notice of Removal, ECF No. 1, at 2.) Plaintiff's complaint merely states that "Defendant is a corporation organized and existing under the laws of a state other than South Carolina, licensed to do business in South Carolina, solicits business in South Carolina, issue policies in South Carolina, and otherwise conducts business in South Carolina." (Pl.'s Compl., ECF No. 1-1, at 1.) Neither statement gives the Court any guidance as to Defendant's citizenship. Thus, Defendant's failure to allege its state of incorporation and the state of its principal place of business is fatal to its attempt to remove the present action. Accordingly, the Court need not address the amount in controversy.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

    **AND IT IS SO ORDERED**.

                                                                                    *[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**October 19, 2015**
**Charleston, South Carolina**